IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

OMNI HEALTH SOLUTIONS, LLC,   :
   :
    Plaintiff,   :
   :
    v.   :
   :   **No. 5:17-CV-168 (CAR)**
ZURICH AMERICAN INSURANCE   :
COMPANY,   :
   :
    Defendant.   :
_____   :

## ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court are Defendant Zurich American Insurance Company's Partial Motion to Dismiss, and Plaintiff Omni Health Solutions, LLC's Motion for Leave to Amend Complaint. Having considered the pleadings, the parties' arguments, and relevant legal authority, Defendant's Partial Motion to Dismiss [Doc. 8] is **DENIED**, and Plaintiff's Motion to for Leave to Amend [Doc. 13] is **GRANTED**.

## Background

Plaintiff originally filed this action against Defendant, the insurer for four of Plaintiff's medical offices, in the Superior Court of Bibb County, Georgia. Defendant timely removed the case to this Court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff asserts two claims for breach of contract and one

1

claim for bad faith, stemming from Defendant's delay in deciding coverage and determining the amount of loss Plaintiff suffered when one of Plaintiff's medical offices, 841 Mulberry Street, Macon, Georgia, 31201, sustained hail damage. Plaintiff also contends that once Defendant decided coverage and determined the amount of loss, Defendant did not pay Plaintiff the full amount Plaintiff was owed under the policy, and Defendant's delay and failure to pay were in bad faith, entitling Plaintiff to damages under O.C.G.A § 33-4-6.

## 1. Defendant's Partial Motion to Dismiss

Although Defendant entitled its Motion a Partial Motion to Dismiss, because it is after the pleadings have closed, Defendant is seeking a Judgment on the Pleadings under Fed. R. Civ. P. 12(c). Defendant argues Plaintiff's breach of contract claims fail as a matter of law because (1) O.C.G.A § 33-4-6, Georgia's statute providing damages for an insurer's bad faith refusal to pay claims, provides Plaintiff's exclusive remedy, and (2) Plaintiff fails to identify the particular contractual provision Defendant violated in Count II of its Complaint.

### Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" pursuant to Rule 12(c) of the Federal Rules

of Civil Procedure.[1] "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."[2] Thus, the standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss."[3]

When considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant.[4] However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations."[5] A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6]

## Discussion

Defendant first seek to dismiss Plaintiff's breach of contract claims by arguing that Plaintiff cannot claim both breach of contract and bad faith under O.C.G.A § 33-4-6,

---

[1] Fed. R. Civ. P. 12(c).

[2] *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal quotation omitted).

[3] *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992).

[4] *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

[5] *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (internal quotation omitted).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

because the claims are duplicative and preempted by O.C.G.A § 33-4-6. Citing *Howell v. Southern Heritage Insurance Company*,[7] Defendant contends that damages under O.C.G.A § 33-4-6 must be Plaintiff's exclusive remedy. Defendant's reliance on *Howell*, however, is misguided. *Howell* does not address a plaintiff's ability to assert a breach contract claim and a bad faith claim under O.C.G.A § 33-4-6.[8] On the contrary, since "Georgia courts have 'implicitly recognized the ability of an insured to bring a breach of contract claim and a claim for bad faith simultaneously,' O.C.G.A. § 33–4–6 does not bar Plaintiff's breach of contract claim."[9]

Defendant next argues the Court must dismiss Plaintiff's second breach of contract claim because Plaintiff fails to identify the specific contract provision Defendant allegedly violated. Under Georgia law, to state a claim for breach of contract a plaintiff must allege (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom.[10] Defendant is correct that in order "[t]o survive a motion to dismiss, a plaintiff asserting a breach of contract claim must allege a particular

---

[7] 214 Ga. App. 536 (1994).

[8] *Howell*, 214 Ga. App. at 536 ("[plaintiff]'s claim for attorney fees and expenses of litigation under OCGA § 13-6-11 is not authorized. The penalties contained in OCGA § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds.").

[9] *Bryant v. Progressive Mountain Ins. Co.*, 243 F. Supp. 3d 1333, 1339 (M.D. Ga. 2017) (quoting *Estate of Thornton v. Unum Life Ins. Co. of America*, 445 F.Supp.2d 1379, 1382 (N.D. GA 2006) (citing *Assurance Co. America v. BBB Service Co., Inc.*, 259 Ga. App. 54, 576 S.E.2d 38 (2002)).

[10] *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015).

contractual provision that the defendant violated."[11] However, the Court disagrees that Plaintiff has failed to do so.

In the section of its Complaint entitled "Facts Common to All Counts," Plaintiff cites Section E of the insurance policy and states that this section "requires that Zurich make a coverage decision and notify its insured as to whether Zurich will repair the property, pay for the repair of the property, take possession and pay for the property, or simply pay the value of the property within 30 days of receiving a proof of loss."[12] In the copy of the policy Plaintiff attaches to its Complaint, Section E not only states Defendant will give notice of its intentions within 30 days of receiving proof of loss, but it also states in the event of loss or damage covered by this "Coverage Part," Defendant will, at its option, pay the value of the loss or damages property, pay the cost of repair or replacement, take the property at an agreed or appraised value, or repair, rebuild, or replace the property.[13]

Plaintiff alleges that it fulfilled the conditions precedent necessary to entitle Plaintiff to payment under the policy, but Defendant refused to pay the full value of the property, thereby breaching the contract. Section E, the contract provision Plaintiff cites in the Complaint, which is common to all counts, obligates Defendant to either pay for

---

[11] *Allstate Ins. Co. v. ADT, LLC*, No. 1:15-CV-517-WSD, 2015 WL 5737371, at *7 (N.D. Ga. Sept. 30, 2015).
[12] Complaint [Doc. 1-2] at pg. 2.
[13] *Id.* at 50.

covered property that has been damaged or provide similar reimbursement. Plaintiff

alleges Defendant did not do so. Thus, Plaintiff sufficiently alleges the contractual

provision it claims Defendant breached and states a claim for breach of contract.

**2. Plaintiff's Motion for Leave to Amend Complaint**

In Plaintiff 's Motion for Leave to Amend its Complaint, Plaintiff seeks to add an

additional claim for breach of the insurance policy based on information exchanged

between the parties in the course of discovery. Additionally, Plaintiff seeks leave to

identify an expert witness as to the proposed additional claim. Plaintiff has filed the

proposed First Amended Complaint, and Defendant has not responded.

**Legal Standard**

Plaintiff contends that Federal Rule of Civil Procedure 15(a) governs its Motion

for Leave to Amend. However, the Scheduling Order in this case mandates that motions

to amend "be filed no later than August 16, 2017."[14] Plaintiff filed this Motion on

October 6, 2017. Because Plaintiff's Motion was filed after the deadline outlined in the

Scheduling Order, Rule 16 and its "good cause standard" governs the Court's

analysis.[15]

---

[14] Scheduling Order [Doc. 7] at pg. 5.

[15] *See Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

Rule 16 requires a district court to enter a scheduling order that dictates the time within which the parties must join additional parties, file motions, and complete discovery.[16] Under Rule 16, "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge. . . ."[17] "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."[18] It is proper to deny a motion to amend under Rule 16(b) if the movant failed to show good cause and failed to pursue the case with diligence.[19] The decision whether to grant leave to amend a complaint is within the sound discretion of the district court.[20]

In determining whether Plaintiff meets the good cause standard under Rule 16, this Court considers three factors: (1) if the moving party neglected to determine facts before filing pleadings or within discovery; (2) if the subject matter of the motion to amend was readily available to the moving party; and (3) if the moving party delayed filing the motion to amend.[21] If Plaintiff can meet this standard, then the Court moves on to the Rule 15(a) analysis.[22]

---

[16] FED. R. CIV. P. 16(b).
[17] *Id*.
[18] *Sosa*, 133 F.3d at 1418 (quotation omitted).
[19] *Id*. at 1419.
[20] *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).
[21] *Sosa*, 133 F.3d at 1419.
[22] *Id*.

Generally under Rule 15 , leave to amend "shall be freely given when justice so requires."[23]  The Eleventh Circuit has held:

> This policy of [R]ule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.[24]

However, factors such as undue delay, undue prejudice to defendants, and futility of the amendments are sufficient to justify denying a motion to amend.[25]  When an amended complaint fails to state a viable claim as a matter of law, it is not an abuse of discretion to deny a motion to amend.[26]

## Discussion

Plaintiff contends it only determined the need to add the additional claim after reviewing Defendant's discovery responses. It does not appear Plaintiff has delayed in filing its Motion, and the parties are still engaging in discovery which does not end until December 14, 2017. Additionally, having read and considered Plaintiffs' First Amended Complaint, it does not appear that any of the other substantial reasons for denying the Motion to Amend exist.  Defendant does not oppose the amendment, and this Court can find no reason Defendant would be unduly prejudiced by the

---

[23] *Id.*

[24] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) (internal citations omitted).

[25] *Foman v. Davis*, 371 U.S. 178, 182 (1952).

[26] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

amendment or that the amendment is futile. Plaintiff's Motion for Leave to Amend

[Doc. 13] is **GRANTED**.

## CONCLUSION

Based on the foregoing, Defendant's Partial Motion to Dismiss [Doc. 8] is

**DENIED**, and Plaintiff's Motion for Leave to Amend Complaint [Doc. 13] is

**GRANTED**. Plaintiff is hereby **DIRECTED** to file the Amended Complaint as a

separate document on the docket, and the Amended Complaint will supersede the

original Complaint.[27]

**SO ORDERED,** this 14th day of November, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[27] *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint).